**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Elias Amaro Barbosa Pinto,<br>Petitioner,<br>v.<br>Unknown Party, et al.,<br>Respondents. | No. CV-26-04749-PHX-LLP<br>**ORDER** |

Petitioner Elias Amaro Barbosa Pinto filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges he entered the United States in September 2022. (*Id.* at 4.) In January 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE) officials. (*Id.*) Petitioner alleges his detention violates *inter alia* his Fifth Amendment rights and argues immediate release is appropriate in light of his prolonged detention, lengthy residence in the United States, and substantial family and community ties. (*Id.* at 7–12.) Petitioner seeks immediate release from immigration custody. (*Id.* at 17.)

In their Response, Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 9.) Respondents are mistaken. The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026) (holding that section 1226 governs inadmissible and deportable aliens apprehended in the interior of the United States). Further, because Respondents do not address the issue of

whether Petitioner's prolonged detention violates due process or Petitioner's argument that release is the appropriate remedy, the Court finds the arguments waived. *See N-E-M-B v. Wamsley*, No. CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**. (Doc. 1.)

(2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of Petitioner's release.

(4) Any pending motions are **DENIED AS MOOT** and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 17th day of September, 2026.

Honorable Lori L. Price
United States Magistrate Judge